# PECHMAN LAW GROUP PLLC
### A T T O R N E Y S   A T   L A W

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
**WWW.PECHMANLAW.COM**

June 26, 2019

**VIA ECF**

Hon. Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  *Arana et al. v. Titan Construction Services LLC et al.*,
           19 Civ. 2113 (GHW)

Dear Judge Woods:

     This joint letter is submitted on behalf of Jose Arana, Jose Bello, John Ceballos, Salvador Colula, Hector Guifarro, and Edil Sarmiento ("Plaintiffs") and Defendants Titan Construction Services, LLC ("Titan"), Juan A. Garcia, and Amador Garcia (together with Titan, "Titan Defendants") in the above-referenced action (collectively, the "Parties").[1] Pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Parties seek approval of the enclosed Settlement Agreement, attached as Exhibit A, which provides for a total settlement amount of $150,000 (the "Settlement Sum").

## PROCEDURAL HISTORY

     As set forth in the Complaint, Plaintiffs allege that they were jointly employed as construction workers by the Titan Defendants and various subcontracting companies whose names appeared on some paychecks during their employment. Plaintiffs alleged that they regularly worked over forty hours per workweek but were paid the same hourly rate for all hours worked per week, including those over forty, and that the defendants failed to furnish Plaintiffs with wage notices and with accurate wage statements at the end of every pay period. Based on these allegations, Plaintiffs raised claims, on behalf of themselves and all similarly situated non-exempt construction workers, to recover unpaid overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), Articles 6 and 19 of the New York Labor Law ("NYLL"), and the

---

[1] Defendant El Castillo Contracting Corp. has not appeared in this matter. Upon approval of this Agreement, Plaintiff may file a notice of dismissal without prejudice as to El Castillo. This Agreement does not release any claims against El Castillo and entails the provision of information regarding El Castillo by the Titan Defendants. With the benefit of that information, Plaintiffs may refile their claims against El Castillo.

New York Wage Theft Prevention Act ("WTPA").

The Titan Defendants contend that, as a general contractor, they are not "employers" within the meaning of the FLSA and the NYLL. Specifically, they argue that Plaintiffs were employed by subcontractors, among them, Defendant El Castillo Contracting Corp. The Titan Defendants further contend that they had no control over the work performed by Plaintiffs, did not hire, fire, or supervise Plaintiffs, and did not set Plaintiffs wage rates. The Titan Defendants also assert that they had arms' lengths dealings with their subcontractors and that there was no overlapping ownership or management among Titan and its subcontractors. As such, the Titan Defendants argue that they are not Plaintiffs employer nor are they joint employers with the subcontractors. The Titan Defendants also assert that the hours Plaintiffs allege they worked were inflated.

On May 29, 2019, the parties participated in a mediation, as part of the Court-annexed mediation program, soon after which the parties agreed on the principle terms of the Agreement.

**THE SETTLEMENT AGREEMENT IS FAIR AND REASONABLE**

To determine whether an FLSA Settlement Agreement should be approved as fair and reasonable, courts in the Second Circuit consider the totality of the circumstances, including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quotations omitted).

"Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Martinez v. Hilton Hotels Corp.*, No. 10 Civ. 7688 (JLC), 2013 WL 4427917, at *2 (S.D.N.Y. Aug. 20, 2013) (citation omitted).

**I.     The Settlement Agreement is Fair and Avoids Litigation Risks**

The Settlement Agreement requires the Titan Defendants to pay Plaintiffs the Settlement Sum to resolve the case without any admission of liability in three payments over the course of six months. After attorneys' fees and costs are deducted, Plaintiffs will receive $99,687.87, which reimburses more than half of the wages they calculate they are owed ($170,139.04).

This settlement avoids additional litigation costs that inevitably accrue in proceeding through litigation that would drain Defendants' resources, as well as the risk

of no recovery in the event the Titan Defendants win on the merits. Those risks are particularly acute here where Defendants believe they have a complete defense—that it was the subcontractor El Castillo, not Titan, that employed Plaintiffs—and where the subcontractor has failed to appear and will likely evade any attempt to enforce a judgment against it. Aside from the main employer issue, the parties also dispute the amount of hours Plaintiffs actually worked. If the Titan Defendants' records of those hours were credited, the amount of wages Plaintiffs are owed could be greatly reduced. In light of these factual disputes and risks, and the significant percentage of recovery, the Settlement Sum is fair and reasonable.

## II. The Allocation for Attorneys' Fees and Costs is Reasonable[2]

Prior to and following the filing of the Complaint, counsel has spent significant time investigating and discussing with opposing counsel the factual and legal issues raised in this matter. Plaintiffs' counsel has used its considerable expertise and experience in litigating this case to provide a satisfactory result to Plaintiffs. In accordance with the retainer agreement signed by Plaintiffs, attorneys' fees are one-third of the total settlement amount after reimbursements of costs, so that fees total $49,843.93. Costs in this matter include the filing fee of $400, $60 for serving the complaint and summonses upon Defendant El Castillo, $8.20 for the costs of making copies for service.

The contingency fee in this case should be approved because it is the fee Plaintiffs agreed upon in their retainer agreement. *In re Lawrence*, 24 N.Y.3d 320, 339 (2014) ("Absent incompetence, deception or overreaching, contingent fee agreements that are not void at the time of inception should be enforced as written."). Moreover, the one-third contingency is the fee which courts consider to be presumptively fair in FLSA cases. *See, e.g.*, *Marquez v. Roberto's Rest. Corp.*, No. 16 Civ. 2304 (HBP), 2017 WL 5468760, at *3 (S.D.N.Y. Nov. 13, 2017) ("Contingency fees of one-third in FLSA cases are routinely approved in this Circuit."); *Ezpino v. CDL Underground Specialists, Inc.*, No. 14 Civ. 3173 (DRH) (SIL), 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017) ("A one-third contingency fee is a commonly accepted fee in this Circuit.") (internal citations omitted); *Redzepagic v. Hammer*, No. 14 Civ. 9808 (ER), 2017 WL 1951865, at *2 (S.D.N.Y. May 8, 2017) ("One-third contingency fees . . . are commonly accepted in the Second Circuit in FLSA cases.").

Additionally, we note that although the contingency fee of one-third is more than the current lodestar of approximately $33,000, courts in this Circuit recognize the risk run by operating on a contingency fee arrangement in assessing the reasonableness of an attorney's fee. *See Surdu v. Madison Glob., LLC*, No. 15-CIV.-6567 (HBP), 2018 WL 1474379, at *11 (S.D.N.Y. Mar. 23, 2018) (noting that contingency-fee based work "clearly entitles [counsel] to some premium for the risk incurred"); *Cunningham v. Suds Pizza, Inc.*, 290 F. Supp. 3d 214, 230 (W.D.N.Y. 2017) (noting the risk inherent in contingency-fee cases not inherent in other billing arrangements).[3] Often, working on a contingency fee, as is encouraged by the FLSA itself, has resulted in a fee allocation to Plaintiffs' counsel, Pechman Law Group PLLC ("PLG"), equal to less than the lodestar or no fees due to the

---

[2] The Titan Defendants take no position with respect to the issues raised in this section.
[3] Billing records and receipts will be provided if required by the Court.

employer's bankruptcy. *See, e.g., In re: Village Red Rest. Corp.*, No. 18-br-10960 (Bankr. S.D.N.Y.) (bankruptcy filing stayed judgment in case where PLG's lodestar has reached $350,000); *Vazquez v. Sawa Rest. Corp. d/b/a Miramar*, No. 17-CV-6129 (S.D.N.Y.) (receiving $3,333.33 of $32,051.25 lodestar amount); *In re Zahra Tangorra*, No. 16-bk-72666 (E.D.N.Y. Bankr.) (recovering $833 of $17,690 in PLG's attorneys' fees due to defendants' bankruptcy); *Valdovinos v. Spunky Rest. Corp. d/b/a Subsconcious*, No. 14 Civ. 3606 (S.D.N.Y.) (recovering zero of $28,000 in attorneys' fees for PLG due to defendants' default and bankruptcy).

Due to the risks and actions counsel has taken in this contingency fee case, and the fact that fees are limited to one-third of the net recovery, counsel's fees are reasonable and should be approved as fair.

### III. The Agreement Satisfies All Other Factors Considered for Approval

The release contained in the Agreement is limited to Plaintiffs' wage-and-hour claims. *Cohetero v. Stone & Tile, Inc.*, No. 16-CV-4420, 2017 WL 9989616, at *1 (E.D.N.Y. June 12, 2017) (recommending approval of release in FLSA settlement limited to wage-and-hour claims). Moreover, it contains no confidentiality provision. *See id.*

Plaintiffs no longer have any relationship with the Titan Defendants[4] and have represented that they have no knowledge of any additional potential claims that they have against the Titan Defendants. The proposed Settlement Agreement resolves *bona fide* disputes over contested issues, including, but not limited to, the hours Plaintiffs worked. The settlement was reached following arm's-length discussions, in part conducted with the aid of the Court, between counsel well-versed in wage-and-hour law.

In sum, the settlement is fair and reasonable, providing Plaintiffs with a substantial recovery protected against the uncertainties and costs of litigation, and should be approved by the Court.

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

*s/ Lillian M. Marquez*

Lillian M. Marquez

cc: Counsel for Titan Defendants (via ECF)

---

[4] As set forth above, the Titan Defendants contend that they never employed Plaintiffs and that they were never Plaintiffs' "employer" as that term is defined under the FLSA and NYLL.